UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60771-CIV-UNGARO/SIMONTON

BEVERLY WHITE,

    Plaintiff,

vs.

CITY OF FORT LAUDERDALE, et al.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Plaintiff's Motion To Compel Defendants To Provide Full and Complete Responses To Plaintiff's Requests To Produce and To Compel Full Disclosure In Compliance With Federal Rule of Civil Procedure 26 (DE # 30, filed 2/2/09). This motion has been referred to the undersigned Magistrate Judge for disposition (DE # 32). Defendants have responded in opposition to the motion (DE ## 35, 37). Plaintiff has not filed a reply and the time to do so has run. For the reasons stated below, Plaintiff's Motion to Compel is denied.

On May 5, 2008, Plaintiff filed a ten count Complaint in state court alleging that on the night of July 15, 2006, Defendants Hannold, Lopez, Diaz and others, all City of Fort Lauderdale police officers, responded to a call which stated that decedent Gary B. White was wielding a machete or a crowbar, and subsequently shot decedent approximately twenty times without legal justification, killing decedent (DE # 1). On May 21, 2008, Defendants removed this case to this Court (DE # 1).

In Counts I through III, Plaintiff alleges that the individual Defendants violated decedent's civil rights by using excessive deadly force, in violation of 42 U.S.C. § 1983. In Count IV, Plaintiff alleges that Defendant City of Fort Lauderdale ("City") violated

decedent's civil rights by tolerating the use of unreasonable force by its police officers, in violation of 42 U.S.C. § 1983.  In Count V, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges negligence against Defendant City of Fort Lauderdale.  In Counts VI through VIII, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges assault and battery in that the individual Defendants used unjustifiable deadly force against decedent.  In Count IX, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges assault and battery against Defendant City of Fort Lauderdale, alleging that the individual Defendants were working in the course and scope of their employment when they used unjustifiable deadly force against decedent (DE # 1).[1]

In its Motion to Compel Production of Documents, Plaintiff asks this Court 1) to compel Defendant City to produce all documents relating to the shooting and death of decedent, pursuant to Plaintiff's First Request for Production of Documents, and 2) to compel the individual Defendants to produce as initial disclosures all documents relating to the shooting and death of decedent, pursuant to Fed.R.Civ.P. 26 (DE # 30).  Defendant City objected to producing the documents in question on the grounds that the requested files were confidential and exempt from disclosure, pursuant to Fla. Stat. § 119.071(2)(c)(1) because the shooting and death of decedent was the subject of ongoing government investigations (DE # 37).   According to Plaintiff, in their Initial Disclosures, the individual Defendants included two footnotes that were relied upon to limit the scope of their disclosures.  Plaintiff states that the first footnote invoked the individual Defendants' Fifth Amendment privilege against self incrimination and, the second footnote referenced Fla. Stat. § 119.071(2)(c)(1) and stated that most documents as well

---

[1]On June 20, 2008, Plaintiff voluntarily dismissed without prejudice Count X, which petitioned for a writ of mandamus (DE # 9 at 5).

as the identity of potential witnesses were exempt from disclosure because the shooting and death of decedent were the subject of ongoing government investigations (DE # 35).

Plaintiff contends that Defendant City has not provided any proof that there is an ongoing investigation or that Defendant City is entitled to the claimed exemption (DE # 30 at 7-8). Plaintiff also contends that this Court, and not the individual Defendants, should determine whether the individual Defendants are asserting a valid Fifth Amendment privilege (DE # 30 at 6-7).

In response, each Defendant has provided an affidavit from Fort Lauderdale Police Department Detective Sergeant Michael J. Dew, of the Homicide Division, who states that the shooting death of decedent is the subject of state and federal investigations, and that review is active and ongoing and it is unknown when the investigation will be concluded (DE 35-2, 37-2). Defendants contend that the motion to compel should be denied because the requested documents and information are exempt from disclosure pursuant to Fla. Stat. 119.071(2)(c)(1) (DE # 35 at 4-5; DE # 37 at 6-11). Defendants also contend that the motion to compel should be denied because the requested documents and information are protected from discovery disclosure pursuant to the federal common law "law enforcement" or "investigative files" privilege (DE # 35 at 5-6; DE # 37 at 11-14).[2]

At the outset, the Court notes that it is well-settled that federal law governs the determination of the existence of a privilege in cases where the jurisdiction of the court is predicated upon federal law, even where there are pendent state claims. *Hancock v.*

---

[2] In their response to the Motion to Compel, Defendants Hannold, Lopez and Diaz maintain that they are not withholding any documents related to their Fifth Amendment privilege against self-incrimination, but rather limited their Rule 26 disclosures based upon statutory exemptions and federal and common law privileges (DE # 35 at 2). Plaintiff has not filed a Reply disputing this assertion. Thus, the Court does not address the merits of the Defendants' Fifth Amendment privilege in this Order.

3

*Hobbs*, 967 F.2d 462, 466-67 (11th Cir. 1992). Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations. *See e.g., In re Matter of Eisenberg*, 654 F.2d 1107, 1110, fn. 5 (5th Cir. 1981) (Unit B) (recognizing the federal privilege for production of documents relating to ongoing criminal investigations); *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969); *see also Sirmans v. City of South Miami*, 86 F.R.D. 492 (S.D. Fla. 1980) (setting forth ten-factor test for determining application of qualified privilege for police investigative files); *accord In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006) (holding district court erred in refusing to recognize law enforcement privilege when determining whether the government would have to disclose documents which arguably were part of ongoing investigations).

In applying the federal common law qualified privilege for criminal investigations to civil discovery requests, courts balance the interests of the litigant seeking the information against the government's interest in nondisclosure. *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980). In so doing, Federal courts may consider state policies supporting a privilege claim in assessing the government's interest in maintaining confidentiality. *Coughlin v. Lee*, 946 F.2d 1152, 1159-60 (5th Cir. 1991) (rejecting contention that state public records law governs claim of privilege, but stating that court would "consider state policies supporting a privilege in weighing the government's interest in confidentiality"). In this matter, both the City of Fort Lauderdale and the individual Defendants have pointed to the Florida Public Records Law for support of their position that the requested investigatory documents should not be disclosed. Thus, the Florida Public Records statute is relevant to a determination of government Defendants' interest in confidentiality, and it is therefore appropriate to begin an analysis

of the federal privilege by examining the state policy regarding that law.

Florida Stat. § 119.071(2)(c)(1) states that active criminal intelligence information and active criminal investigative information are exempt from disclosure.  The purpose of the statute is to prevent premature public disclosure of criminal investigative information since disclosure could impede an ongoing investigation.  *See City of Riviera Beach v. Barfield*, 642 So.2d 1135, 1137 (Fla. 4th Dist. Ct. App. 1994).  Defendants have each provided an affidavit from Sergeant Michael J. Dew from the Fort Lauderdale Police Department Homicide Division which state that the incidents relating to the files sought by Plaintiff are currently under criminal investigation.  Plaintiff has not refuted the affidavits.  Criminal investigation and criminal intelligence information is considered active when it is related to an ongoing investigation which continues with a reasonable, good faith belief anticipation of securing an arrest or prosecution in the foreseeable future, or while such information is directly related to pending prosecutions and appeals.  *See* Fla. Stat. § 119.011(3)(a)-(b) (d), construed in *Christy v. Palm Beach County Sheriff's Office*, 698 So.2d 1365, 1366-67 (Fla. 4th Dist. Ct. App. 1997).  Therefore, the requested documents are presently part of an ongoing criminal investigation and are exempt from public disclosure under the Florida Public Records Law, which evidences a strong policy interest on the part of the government in keeping the records confidential.

However, even if the government has an interest in retaining the confidentiality of the records, if a litigant demonstrates that his need for the information outweighs the government's interest in maintaining secrecy, the qualified privilege is overcome.  *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980)( citing *United States v. O'Neill*, 81 F.R.D. 664 at 666 (E.D. Pa. 1979).  In weighing the competing interests of the government and a litigant, courts have considered the following factors:

> **(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.**

*Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973); *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980) *accord In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006).

In the case at bar, after considering the above factors as presented in the Parties' submissions, the undersigned Magistrate Judge concludes that the interest in confidentiality expressed in the Florida Public Records law with respect to ongoing investigations, invoked by the City of Fort Lauderdale, outweighs Plaintiff's need for discovery of these records during the pendency of the ongoing investigations. Specifically, as the City points out, several of the enumerated factors weigh in favor of non-disclosure while Plaintiff has only made general assertions regarding its need for the documents. In addition, the Plaintiff has not refuted Defendant City's assertion that it has provided over 1100 pages of documents to the Plaintiff in this matter. However, if the investigations related to this matter are closed during the pendency of this action, Defendants will be required to produce the requested records at that time. If there are particular matters which Defendant City has a compelling need to protect at that time, such as the identity of informants, Defendant City can seek a protective order at a future

**date.[3]**

**As to the individual Defendants, the undersigned notes that the Plaintiff only sought to compel full disclosure as to their Rule 26 Initial Disclosures and the Motion to Compel only references a Request to Produce that was served on the City of Ft. Lauderdale, not on the individual Defendants.[4] According to Plaintiff's Motion, on August 1, 2008, the Defendants filed Rule 26 disclosures however, Plaintiff did not include copies of those disclosures with its Motion to Compel. Thus, Plaintiff has failed to comply with Local Rule 26.1(c) for the Southern District of Florida which requires that discovery materials be filed contemporaneously with the motion seeking the relief. Nor did Plaintiff specifically identify what information, if any, was missing from the individual Defendants' Rule 26 disclosures. Thus, the undersigned is unable to determine if the disclosures are deficient, or even if the footnotes referenced by the Plaintiff are applicable to the individual Defendants' specific disclosures. Accordingly, the undersigned does not reach the issue of whether the individual Defendants' arguments regarding the application of the federal law enforcement privilege applies under the facts herein, as it is unclear whether the individual Defendants failed to comply with the Rule 26 initial disclosure requirements.**

---

[3] In light of this ruling, the undersigned Magistrate Judge will not reach Defendants' arguments that Plaintiff untimely filed her motion to compel (DE # 35 at 3-4; DE # 37 at 5-6), and that before filing the instant motion, Plaintiff did not confer with Defendant's counsel in a good faith effort to resolve the dispute without court action (DE # 37 at 6).

[4] Subsequent to the filing of the instant Motion, on March 17, 2009, Plaintiff filed a Motion to overrule the individual Defendants' Objections to Plaintiff's Initial Interrogatories and to Require Full Answers (DE # 38). According to that Motion, the individual Defendants' responses to the Initial Interrogatories were due on March 4, 2009 and thus, that issue will be resolved by separate Order.

Therefore, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel Defendants To Provide Full and Complete Responses To Plaintiff's Requests To Produce and To Compel Full Disclosure In Compliance With Federal Rule of Civil Procedure 26 (DE # 30) is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, on April 10, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:
The Honorable Ursula Ungaro
   United States District Judge
All counsel of record**