UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60771-CIV-UNGARO/SIMONTON

BEVERLY WHITE,

    Plaintiff,

vs.

CITY OF FORT LAUDERDALE, et al.,

    Defendants.
_____/

**ORDER ON PLAINTIFFS' MOTION TO OVERRULE DEFENDANT
LOPEZ, DIAZ and HANNOLD'S OBJECTIONS TO PLAINTIFFS'
INITIAL INTERROGATORIES AND TO REQUIRE FULL ANSWERS**

    Presently pending before the Court is Plaintiffs' Motion To Overrule Defendant Lopez, Diaz and Hannold's Objections to Plaintiffs' Initial Interrogatories and to Require Full Answers (DE # 38). This motion has been referred to the undersigned Magistrate Judge for disposition (DE # 39). The individual Defendants have jointly responded in opposition to the Motion (DE # 41). Plaintiff Beverly White has not filed a reply and the time to do so has run. For the reasons stated below, Plaintiffs' Motion is Granted, in part and Denied, in part.

    I. BACKGROUND

    On May 5, 2008, Plaintiff Beverly White, as Personal representative of the Estate of Gary B. White, ("Plaintiff") filed a ten count Complaint in state court alleging that on the night of July 15, 2006, Defendants Hannold, Lopez, Diaz and others, all City of Fort Lauderdale police officers, responded to a call which stated that decedent Gary B. White was wielding a machete or a crowbar, and subsequently shot decedent approximately twenty times without legal justification, killing decedent (DE # 1). On May 21, 2008, Defendants removed this case to this Court (DE # 1).

In Counts I through III, Plaintiff alleges that the individual Defendants violated decedent's civil rights by using excessive deadly force, in violation of 42 U.S.C. § 1983.  In Count IV, Plaintiff alleges that Defendant City of Fort Lauderdale ("City") violated decedent's civil rights by tolerating the use of unreasonable force by its police officers, in violation of 42 U.S.C. § 1983.  In Count V, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges negligence against Defendant City of Fort Lauderdale.  In Counts VI through VIII, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges assault and battery in that the individual Defendants used unjustifiable deadly force against decedent.  In Count IX, Plaintiff, pursuant to Florida's wrongful death statute, Fla. Stat. 768.21, alleges assault and battery against Defendant City of Fort Lauderdale, alleging that the individual Defendants were working in the course and scope of their employment when they used unjustifiable deadly force against decedent (DE # 1).[1]

On or about March 4, 2009, the three individual Defendants Jose Lopez, Joseph Hannold and Brandon Diaz, served their respective answers and objections to Plaintiff's Initial Interrogatories (DE ## 38-2, 38-3, 38-4).  Although each of those Defendants answered the Interrogatories separately, each set of Interrogatories was identical and each individual Defendant raised the same objections to certain Interrogatories.

Plaintiff Beverly White then filed the instant Motion To Overrule Defendant Lopez, Diaz and Hannold's Objections to Plaintiffs' Initial Interrogatories and to Require Full Answers.  In that Motion, Plaintiff seeks to have the individual Defendants' objections based upon Fla. Stat. § 119.071(2)(c)(1) and the federal common law "law enforcement privilege" overruled.  Plaintiff contends that the individual Defendants are not entitled to

---

[1] On June 20, 2008, Plaintiff voluntarily dismissed without prejudice Count X, which petitioned for a writ of mandamus (DE # 9 at 5).

withhold answers to interrogatories based upon Fla. Stat. § 119.071(2)(c)(1) and the federal "law enforcement privilege" because the Defendants have failed to provide sufficient information about the criminal investigation of the shooting of Gary B. White, which the Defendants point to as providing the basis for their objections to the Interrogatories.

Defendants counter that their objections are appropriate because the shooting and death of decedent are the subject of ongoing government investigations (DE # 37). In support of this assertion, the Defendants have provided an affidavit from Fort Lauderdale Police Department Detective Sergeant Michael J. Dew, of the Homicide Division, who confirms that the shooting death of the decedent is the subject of active and ongoing investigations, and it is unknown when the investigations will be concluded (DE 41-2). However, for the following reasons, the individual Defendants' objections are overruled, in part.

II.   **ANALYSIS**

Plaintiff propounded twenty-five initial interrogatories on the individual Defendants. Several of Plaintiff's Interrogatories sought information about the underlying facts of the shooing incident, as follows:

> Interrogatory No. 2 sought information about any person who may have knowledge about the facts of the underlying action;
>
> Interrogatory No. 9 sought information about any person who the individual defendant contended was liable for the claims asserted by Plaintiff;
>
> Interrogatory No. 10 sought information about any person who might have photos, video tapes, etc. related to the facts of the underlying action;
>
> Interrogatory No. 18 sought the identity of any police officers or other City of Fort Lauderdale employees who were present during the encounter with the decedent, Gary White;

>    **Interrogatory No. 19 sought information about the role that any person identified in Interrogatory No. 18 played in the encounter with Gary White;**
>
>    **Interrogatory No. 23 sought information about statements made or by any civilian witnesses who were at the scene at the time of the encounter with Gary White.**

**In response to these Interrogatories, the individual Defendants objected and asserted that the information was exempt from disclosure pursuant to the federal common law enforcement privilege and Florida Statute 119.071(2)(c)(1). The undersigned will address each of these objections, in turn.**

>    **A. Federal Law Enforcement Investigatory Privilege**

**At the outset, the Court notes that it is well-settled that federal law governs the determination of the existence of a privilege in cases where the jurisdiction of the court is predicated upon federal law, even where there are pendent state claims. *Hancock v. Hobbs*, 967 F.2d 462, 466-67 (11th Cir. 1992). Under federal common law, there is a qualified privilege which protects disclosure of information contained in criminal investigations. *See e.g., In re Matter of Eisenberg*, 654 F.2d 1107, 1110, fn. 5 (5th Cir. 1981) (Unit B) (recognizing the federal privilege for production of documents relating to ongoing criminal investigations); *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969); *see also Sirmans v. City of South Miami*, 86 F.R.D. 492 (S.D. Fla. 1980) (setting forth ten-factor test for determining application of qualified privilege for police investigative files); *accord In re U.S. Dep't of Homeland Security*, 459 F.3d 565, 569-70 (5th Cir. 2006) (holding district court erred in refusing to recognize law enforcement privilege when determining whether the government would have to disclose documents which arguably were part of ongoing investigations).**

**This privilege, known as the law enforcement privilege, is "based primarily on the**

harm to law enforcement efforts which might arise from public disclosure of ... investigatory files." *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998)(citing *United States v. Winner*, 641 F.2d 825, 831 (10th Cir.1981))(citations and quotations omitted). Accord, *Black v. Sheraton Corp. of America*, 564 F.2d 531, 541 (D.C.Cir.1977)). The purpose of the privilege "is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise prevent interference in an investigation." *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D., at 687.  Thus, the privilege may be raised by a department having control over the documents at issue.  *Id.*  Typically, in determining whether the privilege should apply, a court must balance the government's interest in confidentiality against the litigant's need for information. *Hickey v. Columbus Consolidated Government,* 2008 WL 450561 (M.D. Ga., February 15, 2008*) (*citing *In re: U.S. Dep't of Homeland Sec.,* 459 F.3d 565 (5th Cir. 2006)).

     In this matter, the Plaintiff in its Interrogatories did not request the governmental entities to produce their investigatory files or other documents in control of those entities.  Nor did those governmental entities assert the law enforcement privilege in relation to the information sought by the Plaintiffs from the individual Defendants. Rather, Plaintiff, in it Interrogatories, seeks information from the individual Defendants who, in this case, were witnesses to the shooting incident.  Moreover, the City of Fort Lauderdale, which is an active litigant in this proceeding, did not file a response to the Plaintiffs' Motion to Overrule Objections, nor did that government entity join in the individual Defendants' response.  Although the individual Defendants have filed an Affidavit from a Sergeant from the Fort Lauderdale Police Department stating that the

matter is under investigation, and that it is the policy of the Ft. Lauderdale Police Department to not disclose information related to the investigation, the Affidavit is not specific to and does not pertain to information held by the individual Defendants, rather than the Department. Moreover, the Affidavit attached to the Response is dated July 9, 2008. The undersigned notes that a more recent affidavit, dated February 10, 2009 was filed by the City of Ft. Lauderdale in connection to its opposition to the Motion to Compel its production of records. None of the governmental entities actually investigating the activities-either the federal law enforcement agencies or the Broward County State Attorney's Office have asserted any objections. Finally, the Interrogatories at issue seek information from the individual Defendants and not the information held by or in control of the Police Department. Therefore, the privilege does not apply to the requests at issue in this Motion. *Sterling Merchandising, Inc. v. Nestle, S.A.*, 470 F.Supp. 2d 77 (D. Puerto Rico 2006)(stating law enforcement investigatory privilege may be invoked only by government law enforcement authorities and head of department in control of requested information, must be based on actual personal consideration of the person raising the claim and must provide an explanation of why the information falls within the scope of the privilege). *Accord*, *In re Polypropylene Carpet Antitrust Litigation, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998)(*stating to protect documents under law enforcement investigatory privilege, head or department having control over the documents must raise a formal claim or privilege);*U.S. v. Winner*, 641 F.2d 825 (10th Cir. 1981)(stating to assert law enforcement evidentiary privilege responsible official in the department must lodge a formal claim of privilege, specify with particularity the information for which the protection is sought, and explain why the information falls within the scope of the privilege).

The individual Defendants have not cited to any legal support for the proposition that an individual witness may assert the law enforcement privilege to avoid answering discovery requests from a party opponent under facts akin to this case.  Rather, the Defendants cite to *In re: U.S. Dep't of Homeland Sec.,* 459 F.3d 565 (5th Cir. 2006) to support the argument that the law enforcement privilege applies to this case.  However, Defendants' reliance on that case is misplaced.  In that case, the Department of Homeland Security sought to prevent the disclosure of certain documents used by the Department in enforcing immigration and nationality law, detecting violations of those laws, and referring those violations for prosecution. *Id*. at 568.  The privilege was not raised by individual witnesses as to fact information held by those witnesses, but rather was raised by a governmental department with respect to documents held by that department.

Similarly, in *In re Polypropylene Carpet Antitrust Litigation*, 181 F.R.D. 680, 686-87 (N.D. Ga. 1998), the Department of Justice's Antitrust Division sought to withhold certain Department of Justice documents pursuant to the law enforcement investigatory privilege that contained highly sensitive information regarding the investigation of the antitrust violations, including providing a "roadmap" of the investigation, theories upon which prosecutorial theory might be based, and abundant references to confidential sources. *Id*. at 687-88.  Hence, again the information sought was contained in documents held by the Department of Justice and not information held by other individual witnesses.

Thus, the law enforcement privilege is only appropriately raised and applied to governmental departments and law enforcement agencies who seek to protect investigatory files from disclosure and not for individual defendants who, as the Defendants herein, do not even allege that they are assisting in the investigation process. This is particularly true in the case at bar given that the individual Defendants are the

**potential targets of the law enforcement investigation.  Simply put, the law enforcement investigation privilege does not apply to the Plaintiffs' interrogatories directed to the individual Defendants' and thus those Defendants objections on this basis are overruled.**

**Given this analysis, the undersigned does not need to reach the balancing test typically applied in federal law enforcement investigation privilege cases as the privilege does not apply to the information sought by the Interrogatories, herein.  *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D. Fla. 1980).  However, even if the undersigned were to examine the factors as set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973), the undersigned finds that the nature of the information requested in the Interrogatories weighs in favor of disclosure.  The officers are not conducting the underlying investigation, and are witnesses and/or subjects of that investigation.  They are not being asked for information developed by the investigating agencies, and none of the investigating agencies have asserted any harm that would result from answering these interrogatories.   Finally, it is critical for the Plaintiff to discover information known by percipient witnesses such as these individual Defendants.   Thus, the factors weigh in favor of disclosure under the facts of the case at bar.**

      **B.  Florida Public Records Act, Fl. Stat. §119.071(2)(c)(1),**

**The individual Defendants also objected to certain Interrogatories on the basis of Florida Stat. § 119.071(2)(c)(1) which provides that active criminal intelligence information and active criminal investigative information are exempt from disclosure.  The purpose of the statute is to prevent premature public disclosure of criminal investigative information since disclosure could impede an ongoing investigation.  *See City of Riviera Beach v. Barfield*, 642 So.2d 1135, 1137 (Fla. 4th DCA 1994).**

**Again, In support of this objection, the individual Defendants rely on the affidavit**

from Sergeant Michael J. Dew from the Fort Lauderdale Police Department Homicide Division which states that Mr. White's shooting incident is currently under criminal investigation. (DE# 41-2).  However, the individual Defendants' objections on this ground fail, as well.

First, as stated above, in a federal action such as this one, federal law governs the determination of the existence of a privilege.[2]  Second, even under Fla. Stat. §119.071(2)(c)(1), the individual Defendants are not entitled to withhold the information requested by the Plaintiff in its Interrogatories.  The Florida Public Records Act, Florida Stat. §119.07, provides, *inter alia*, that is it the state policy that all state, county, and municipal records are open for personal inspection and copying by any person.  The portion of that Act that the Defendants rely on, provides that certain public records are exempt from inspection and copying under certain conditions, including certain criminal investigations. § 119.07(1)(2)(c)(1).  That section specifically refers to the exemption of the production of public records by agencies.  The Act does not address the production of records by individuals nor does it discuss the production of information other than that contained in public records.

In this case, the Plaintiff did not request documents from the custodian of public records or a governmental agency.  In addition, the Plaintiff has not predicated its requests for information on the Florida Stat. § 119.071(2)(c)(1), but rather seek discovery

---

[2] To the extent that this Court considered the Florida Public Records Act in a prior order to determine whether documents held by the City of Ft. Lauderdale were exempt from disclosure, that analysis was based on the balancing of interests factors required under the federal common law enforcement privilege raised by the City of Ft. Lauderdale, as part of the consideration of the City's interest in maintaining confidentiality of the investigatory records.  That analysis is not applicable herein as the exemption has been raised by the individual Defendants and not a governmental entity.

from a party opponent pursuant to Federal Rules of Civil Procedure 26 and 33. Finally, Plaintiff does not even seek the production of documents, public or otherwise, from the individual Defendants in its Interrogatories, but rather requests information about the individual Defendants' knowledge of the underlying facts of this case. Thus, the Florida Public Records Act is not applicable to the objections raised to the Plaintiff's Interrogatories. *Resier v. Wachovia Corp.*, 2007 WL 1696033 *2 (M.D. Fla., June 12, 2006)(stating Florida court have consistently distinguished between the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure).

This finding is not inconsistent with the cases cited by the individual Defendants. In *City of Riviera Beach v. Barfield*, 642 So. 2d 1135 (Fla, 4th DCA. 1994), for example, a citizen petitioned for a writ of mandamus to order the City of Riviera Beach Police Department to produce documents related to a criminal investigation that was ongoing. The court in that case determined that the exemption for non-disclosure of records pursuant to the criminal investigation remains in tact even if the documents sought are transferred from one criminal agency to another. *Id.* at 1136. Thus, the case examined documents in possession of an agency and does not address the situation in the case at bar.

Similarly, in *Christy v. Palm Beach County Sheriff's Office*, 698 So.2d 1365 (Fla. 4th DCA 1997), a person sought documents from the Palm Beach County Sheriff's Office pursuant to the public records law related to a criminal investigation. Thus, again, the application of the criminal investigation exception related only to the production of records by an governmental agency pursuant to Florida Public Records Act, which is not at issue in this matter.

### C. Fifth Amendment Privilege

In addition to raising the objections discussed above, in Interrogatories Nos. 6, 7, 8, 16, 21, 22 and 25, the individual Defendants also invoked their Fifth Amendment right against self-incrimination (DE #38-2, 38-3, 38-4). Although the Plaintiff also listed these interrogatories in its Motion to Overrule Objections and requested that the Court enter an order overruling the Defendants' objections, the Plaintiff failed to address the Fifth Amendement portion of the individual Defendants' objections. Thus, as properly noted by the individual Defendants' in their Response to Plaintiff's Motion, the Defendants cannot be compelled to provide responsive information regarding their involvement in the shooting of Gary B. White to the extent that the information may incriminate those Defendants. Accordingly, the individual Defendants' Objections to those Interrogatories on the basis of the Fifth Amendment of the United States Constitution are sustained. Thus, the individual Defendants need not provide additional responses to those Interrogatories since they have invoked their Fifth Amendment rights.[3]

### III. CONCLUSION

Therefore, and for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion To Overrule Defendant

---

[3] Defendants' arguments that Plaintiff failed to comply with Local Rule 7.1 and Fed.R.Civ.Pro. 37(a)(1) are without merit since, although the Plaintiff failed to include a certificate of conferral with the Motion, it is without dispute that the Parties discussed the resolution of the privileges at issue herein, and Defendants admit that because of the posture of the criminal investigation, additional material likely would not have been disclosed in any event. Similarly, while Plaintiff did not technically comply with Local Rule 26.1 H. 2, each objection at issue in this Motion rests upon the federal law enforcement privilege and Florida Public Records Act exemptions and thus setting out each interrogatory would not have enabled the court to more easily rule upon each individual item as contemplated by that Rule. Thus, the arguments do not warrant further consideration and the undersigned will not deny the Plaintiffs' Motion on these grounds.

Lopez, Diaz and Hannold's Objections to Plaintiffs' Initial Interrogatories and to Require Full Answers (DE # 38) is **Granted, in part.** The Individual Defendants Jose Lopez, Joseph Hannold and Brandon Diaz, shall serve complete and full answers to Plaintiffs' Initial Interrogatory Nos. 2, 9, 10, 18, 19 and 23, on or before Friday, May 15, 2009. The Individual Defendants do not however have to provide responses to Interrogatory Nos. 6, 7, 8, 16, 21, 22 and 25.

**DONE AND ORDERED** in Miami, Florida, on May 8th, 2009.

*Andrea M. Simonton*
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**The Honorable Ursula Ungaro**
  **United States District Judge**
**All counsel of record via CM/ECF**